UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NEIL CUFF,

    Plaintiff,

v.

FLORIDA A&M UNIVERSITY & BOARD OF TRUSTEES; TAYANNA MARR; JESSICA WARTHEN; MARLON HONEYWELL; JOCELYN SPATES; MARVIN SCOTT; JASON MOBLEY; ARCHIE LENNARD; SOHEYLA MAHDAVIN; PATTY GHAVINI; and JOVIN MYLES,

    Defendants.

Case No. 6:22-cv-777-RBD-RMN

## **ORDER**

This cause came on for consideration without oral argument on Plaintiff's Motion for Reconsideration (Dkt. 119), filed June 12, 2023.

In March 2023, Plaintiff Neil Cuff filed a Second Amended Complaint alleging discrimination and retaliation based on a disability. *See* Dkt. 84. Defendants moved to dismiss the Second Amended Complaint. *See* Dkts. 87, 96. Plaintiff then moved for multiple "continuances" and extensions of time to respond to the motions to dismiss. *See* Dkts. 89, 95, 98, 103, 109. In response, the Court extended the deadline for Plaintiff to respond to the motions to

dismiss to May 31, 2023. Dkt. 110. Rather than responding to Defendants' motions to dismiss, filed two motions on May 31, one seeking appointment of counsel (Dkt. 113) and another seeking another extension of the response deadlines (Dkt. 114). The Court denied both motions. Dkts. 115, 116.

In his original Motion to Appoint Counsel (Dkt. 113), Plaintiff asked the Court to appoint counsel because he was in a "dire financial situation" and pro bono counsel would help "streamline the rest of the case." Dkt. 113 at 5. The Court denied Plaintiff's motion, explaining that civil litigants have no absolute constitutional right to the appointment of counsel and that this case does not involve novel or complex issues that require the assistance of counsel. Dkt. 115 at 3. Noting that it sympathized with Plaintiff, the Court denied Plaintiff's motion. *Id.* Plaintiff now moves for reconsideration of the Court's Order denying him pro bono counsel. *See* Dkt. 119.

Reconsideration is an extraordinary remedy that will be granted only upon a showing of (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med. v. Dean Witter Reynolds*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons*, 555 F.3d 949, 957 (11th

Cir. 2009) (internal quotation marks omitted). It is inappropriate in a motion for reconsideration to relitigate the merits of the case or to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its decision. *Id.* at *1.

Upon review, the motion for reconsideration does not raise an intervening change in law, provide new evidence that was not available at the time the Court rendered its decision, or demonstrate the need to correct clear error or manifest injustice. The motion is therefore due to be denied.

As noted in prior orders, the undersigned is sympathetic to Plaintiff's circumstances, but the Court has already directed Plaintiff to the resources available to *pro se* litigants and provided Plaintiff with a generous amount of extra time to respond to the pending motions to dismiss. As the Eleventh Circuit has noted in a slightly different context, "there is room for only so much lenity." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). The Court must balance its sympathy toward Plaintiff with the inconvenience, cost, and other impacts this lawsuit imposes on opposing parties and their counsel. *See id.* There comes a time when a case must move forward, if only to reduce the crowding on the Court's docket and thereby protect the public's access to the courts. *See id.*

Accordingly, the Motion (Dkt. 119) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on June 14, 2023.

_____
ROBERT M. NORWAY
United States Magistrate Judge

Copies furnished to:

Counsel of Record

Neil Cuff
3681 Khayyam Avenue, Unit 4
Orlando, Florida 32826