UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| NEIL CUFF,<br><br>    Plaintiff,<br><br>v.<br><br>FLORIDA A&M UNIVERSITY & BOARD OF TRUSTEES; TAYANNA MARR; JESSICA WARTHEN; MARLON HONEYWELL; JOCELYN SPATES; MARVIN SCOTT; JASON MOBLEY; ARCHIE LENNARD; SOHEYLA MAHDAVIN; PATTY GHAVINI; and JOVIN MYLES,<br><br>    Defendants. | Case No. 6:22-cv-777-RBD-RMN |

**REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on Plaintiff's Affidavit of Indigency (Dkt. 131), which this Court construes as a Motion to Appeal *in forma pauperis*, filed on August 8, 2023.

In April 2022, Plaintiff Neil Cuff, initiated this discrimination case. Dkt. 1. After a long history of failing to diligently prosecute his case,[1] the District Judge in this matter dismissed the Second Amended Complaint

---

[1] The Court has extensively detailed the procedural history in previous Reports and Orders. *See* Dkts. 115, 116, 121, 128.

without prejudice pursuant to Federal Rule of Civil Procedure 41(b). Dkt. 128. On July 28, 2023, Plaintiff filed a Notice of Appeal of the District Judge's Order dismissing his case without prejudice. Dkt. 129. Thereafter, Plaintiff filed an Affidavit of Indigency (Dkt. 131), which the undersigned construes as a motion for leave to appeal *in forma pauperis*.

Title 28 of the United States Code, Section 1915, governs *in forma pauperis* motions filed in federal court. The statute provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith." 28 U.S.C. § 1915(a)(3). The good faith standard is an objective one, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and is a matter within the discretion of the trial court. *Bush v. Cnty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999) (citing *Adkins v. E.I DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1948)). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). That is, an appeal is not taken in good faith if the issues presented are frivolous. *Id.*

The undersigned has reviewed the docket, the Court's Order, and Plaintiff's Notice of Appeal and finds that the basis of Plaintiff's intended appeal is entirely unclear. This is because there is nothing written in the

Notice of Appeal that tells the trial court or the reviewing court what Plaintiff's arguments on appeal are or may be. *See* Dkt. 131. Accordingly, I find that Plaintiff has failed to raise any issues on appeal with arguable merit and, thus, the appeal is not taken in good faith. *See Nash v. Fifth District Court of Appeal*, No. 6:19-cv-885, 2023 WL 4850329, at *1 (M.D. Fla. July 17, 2023) (denying the plaintiff's motion to appeal *in forma pauperis* on the same grounds); *see also James-Williams v. FLAD Investments, LLLP*, No. 8:17-cv-3082, 2019 WL 4279681, at *2 (M.D. Fla. June 21, 2019) (denying a motion to appeal *in forma pauperis* because the motion did not provide a basis to support the appeal), *report and recommendation adopted*, 2019 WL 4278825 (M.D. Fla. Sept. 10, 2019).

Accordingly, I respectfully recommend that the Motion (Dkt. 131) be **DENIED**.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver

of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on August 11, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record