# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| NEIL CUFF,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FLORIDA A&M UNIVERSITY & BOARD OF TRUSTEES; TAYANNA MARR; JESSICA WARTHEN; MARLON HONEYWELL; JOCELYN SPATES; MARVIN SCOTT; JASON MOBLEY; ARCHIE LENNARD; SOHEYLA MAHDAVIN; PATTY GHAVINI; and JOVIN MYLES,<br><br>　　　　Defendants. | Case No. 6:22-cv-777-RBD-RMN |

## **REPORT AND RECOMMENDATION**

This cause came on for consideration without oral argument on Plaintiff's *Motion to Appeal in forma pauperis* (Dkt. 133), filed on August 14, 2023.

In April 2022, Plaintiff Neil Cuff, initiated this discrimination case. Dkt. 1. After a long history of failing to diligently prosecute his case,[1] the District Judge in this matter dismissed the Second Amended Complaint

---

[1] The Court has extensively detailed the procedural history in previous Reports and Orders. *See* Dkts. 115, 116, 121, 128.

without prejudice pursuant to Federal Rule of Civil Procedure 41(b). Dkt. 128. On July 28, 2023, Plaintiff filed a Notice of Appeal of the District Judge's Order dismissing his case without prejudice. Dkt. 129. Thereafter, Plaintiff filed an Affidavit of Indigency (Dkt. 131), which the undersigned construed as Plaintiff's first motion for leave to appeal *in forma pauperis*. The undersigned recommended that the District Judge deny that motion because there was nothing written in the Notice of Appeal (Dkt. 129) explaining to the trial or reviewing court what Plaintiff's arguments on appeal are or may be. Dkt. 132.

The same is true here. Plaintiff has not amended his Notice of Appeal nor has he filed any supplemental information with the Court. In fact, nothing has changed on this docket, except for the instant motion that also fails to explain Plaintiff's basis for relief or the reasons for his appeal.

Accordingly, I respectfully recommend that the Motion (Dkt. 133) be **DENIED**.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and

the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on August 16, 2023.

ROBERT M. NORWAY
United States Magistrate Judge

Copies to:

Hon. Roy B. Dalton, Jr.

Counsel of Record